UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| STEPHEN BRENT HUTCHINS, | ) |
| Petitioner, | ) Civil Action No. 5:08-393-JMH |
| vs. | ) |
| FMC LEXINGTON, | ) **MEMORANDUM OPINION** |
| Respondent. | ) **AND ORDER** |

\*\*\*\*    \*\*\*\*    \*\*\*\*

Petitioner Stephen Brent Hutchins ("Hutchins"), who is presently confined at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 [DE 2] and has paid the $5 filing fee.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As Hutchins is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

I.  **Factual Background**

On May 30, 1997, Hutchins was convicted by a jury of conspiracy to import and export a controlled substance in violation of 21 U.S.C. § 963 and of conspiracy to have a United States citizen board a vessel to distribute and possess with intent to distribute a controlled substance in violation of 46 U.S.C. § 1903(a). On January 19, 1999, Hutchins was sentenced to a cumulative 276-month term of incarceration to be followed by a 5-year period of supervised release. On appeal, the Second Circuit affirmed in part but vacated and remanded the case for re-sentencing in light of *Apprendi*. On March 14, 2003, Hutchins was resentenced to a cumulative 188-month term of incarceration to be followed by a 3-year period of supervised release. *United States v. Hutchins*, 95-CR-72, 02-CR-23, District of Vermont [DE 418, 708, 796, 808 therein]. Hutchins projected release date is March 3, 2011.

In his petition, Hutchins challenges the BOP's refusal to place him in a minimum security facility. Hutchins contends that the BOP has improperly assigned him a Public Safety Factor of "Greatest Severity" as a leader of a criminal enterprise, when the sentencing judge determined in the "Statement of Reasons for Sentence" that Hutchins was no more than a "supervisor" or "manager." Hutchins asserts that this is contrary to the BOP's own Program Statement ("PS") 5100.08, Appendix A, pg. 8, which directs the BOP to use the sentencing judge's Statement of Reasons when

2

determining an inmate's custody classification. Hutchins further asserts that his role in the offense conduct does not satisfy the BOP's definition of a "leader" or "organizer" in PS 5100.08, pgs. 5-6.

Hutchins alleges that he filed a grievance regarding this issue and unsuccessfully pursued his challenge up to and including a final denial from the BOP's Central Office in October 2006. Hutchins does not include copies of these grievance documents with his petition. Hutchins does include an August 15, 2005 letter from the Deputy Chief Probation Officer for the District of Vermont to the attention of Dennis Miller, Case Manager at FCI-Loretto in Loretto, Pennsylvania. The letter states, in pertinent part, that "the Court found that Mr. Hutchins and his co-defendant were managers or supervisors of the offense, and specifically found that Mr. Hutchins was not an organizer or leader, ..." Hutchins has also enclosed a copy of the trial court's Statement of Reasons for Sentence, which states that "... the defendant was a supervisor or manager ..."

## II. Discussion

The Third Circuit recently analyzed a functionally-identical claim in *Marti v. Nash*, 2007 WL 1072969 (3rd Cir. 2007). In that case, the petitioner asserted that the BOP improperly relied upon information in his pre-sentence investigation report when it assigned him a Public Safety Factor of "Greatest Severity,"

effectively precluding him from assignment in a minimum security facility under PS 5100.08, Ch. 5, pg. 7. The petitioner asserted, amongst other things, that the BOP's conduct violated the Due Process Clause. The Third Circuit summarily rejected the Due Process challenge under *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) because an inmate lacks any interest in his security classification that is protectible under the Due Process Clause. *Marti*, 2007 WL 1072969 at \*\*1.

In the present case, Hutchins claims only that the BOP failed to properly its own Program Statement when it assigned him a "Greatest Severity" Public Safety Factor. This challenge fails, as a threshold matter, to state a claim for habeas relief under Section 2241, which by its terms provides for relief only where the petitioner asserts that he is being held in violation of the Constitution or the laws or treaties of the United States. 28 U.S.C. § 2241; *Marti*, 2007 WL 1072969 at \*\*1. The BOP's Program Statements are not "laws" within the meaning of the statute, because they do not constitute regulations promulgated in compliance with the requirements of the Administrative Procedure Act. Rather, they are internal agency guidelines that are "akin to ... interpretive rules." *Reno v. Koray*, 515 U.S. 50, 61 (1995).

Further, even if the Court were to infer from Hutchins' petition a desire to challenge his classification on constitutional grounds, such a claim fails for precisely the reason articulated by

the Third Circuit: an inmate lacks a liberty interest protected by the Due Process Clause in a particular security classification. *Day v. Nash*, 2006 WL 2052335 (3rd Cir. 2006). Prison placement and transfer decisions are entirely within the discretion of the BOP, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Because prisoners lack any liberty interest protected by the Due Process Clause to placement in a particular institution, *Montanye v. Haymes*, 427 U.S. 235 (1976), or to avoid a transfer to an institution less agreeable to the inmate, *Meachum v. Fano*, 427 U.S. 215, 225 (1976), Petitioner's claim must fail.

### III. Conclusion

Accordingly, it is **ORDERED** that:

1. Hutchins's petition for a writ of habeas corpus [DE 2] is **DENIED.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 7th day of October, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge